

Stradley Ronon Stevens & Young, LLP

LibertyView

457 Haddonfield Road

Suite 100

Cherry Hill, NJ 08002

Telephone  856.321.2400

Fax  856.321.2415

www.stradley.com

**Christopher A. Reese**

creese@stradley.com

856.321.2408

September 6, 2023

**VIA ECF**

Hon. Georgette Castner, District Judge
U.S. District Court, District of New Jersey
402 E. State Street
Trenton, NJ 08608

**Re:**   <u>*Abira Medical Laboratories LLC d/b/a Genesis Diagnostics v. McLaren Health Plan, et al.*, No. 3:23-cv-03802</u>

Dear Judge Castner:

I am counsel to McLaren Health Plan, Inc., incorrectly sued as "McLaren Health Plan," and McLaren Health Care Corporation, incorrectly sued as McLaren Health Care (collectively, "McLaren"). In accordance with Your Honor's Judicial Preferences, McLaren requests a pre-motion conference to permit a motion to dismiss the complaint filed by Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics ("Genesis") pursuant to Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim. Genesis alleges that McLaren failed to pay claims for COVID-19 testing performed by Genesis. On this basis, Genesis asserts that the Families First Coronavirus Response Act ("FFCRA") and the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), passed by Congress in 2020 to address the COVID-19 outbreak, provide and support various causes of action against McLaren.

## Lack of Personal Jurisdiction

Both McLaren entities are Michigan-based entities, and Genesis has not properly alleged that they conduct business in New Jersey. McLaren Health Plan, Inc. is a Michigan-based Health Maintenance Organization. It does not "provide health insurance services throughout New Jersey" as vaguely alleged in the complaint. McLaren Health Care Corporation is a health care delivery system that, among other things, operates 14 hospitals in Michigan. McLaren Health Care Corporation is not an insurance company and does not "provide health insurance services throughout New Jersey" as alleged in the complaint.

If challenged, the law requires Genesis to bear the burden of showing personal jurisdiction. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007). Personal jurisdiction can be either general

Hon. Georgette Castner
September 6, 2023
Page 2

or specific. "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." *Id*. at 296 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n. 8 (1984)). "Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." *Id*. (citing *Helicopteros*, 466 U.S. at 414-15 & n. 9). There is a three-part test for determining specific jurisdiction:

> First, the defendant must have "'purposefully directed' his activities" at the forum. [*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, (1985)] (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)). Second, the plaintiff's claim must "arise out of or relate to" at least one of those specific activities. *Helicopteros*, 466 U.S. at 414, 104 S.Ct. 1868. Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (quoting [*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)]).

General jurisdiction does not exist over McLaren because these Michigan-based health care companies do not maintain systematic and continuous contacts with New Jersey. Specific jurisdiction is also lacking because Genesis's conclusory allegations do not establish that McLaren purposefully directed its activities at New Jersey, that the claims arise out of those activities, or that jurisdiction would comport with fair play and substantial justice. *See., e.g., Abira Med. Lab., LLC v. Humana, Inc.*, No. Civ. No. 22-06190-KM-JRA, 2023 WL 3052308, at *3 (D.N.J. Apr. 24, 2023 (dismissing Genesis's claims for failure to establish or even allege facts supporting personal jurisdiction). As a result, the complaint should be dismissed for lack of personal jurisdiction.

## Failure to State a Claim

There are several reasons that the complaint does not state a plausible claim for relief against McLaren as required under Rule 12(b)(6). First, Count One for breach of contract and Count Two for breach of the implied covenant of good faith and fair dealing fail because no contract is identified in the complaint. A complaint "must, at a minimum, identify the contracts and provisions breached. Failure to allege the specific provisions of the contract breached is grounds for dismissal." *Children's Health Def., Inc. v. Rutgers, State Univ. of N.J.*, 2022 WL 4377515, at *10 (D.N.J. Sept. 22, 2022). Genesis's theory that course of conduct and industry practice created an enforceable contract lacks merit. *See Ctr. for Special Procs. v. Connecticut Gen. Life Ins. Co.*, 2010 WL 5068164, at *6 (D.N.J. Dec. 6, 2010). A claim for breach of the implied covenant of good faith and fair dealing requires the existence of a contract between the parties. *See Cumberland Farms, Inc. v. N.J. Dep't of Env't Prot.*, 148 A.3d 767, 779 (N.J. App. Div. 2016). Moreover, the FFCRA does not provide a basis for a private cause of action.

Count Three for fraudulent misrepresentation and Count Four for negligent misrepresentation fail because no actionable misrepresentation is alleged, and the claims are not stated with particularity as required by Rule 9(b). The complaint must "plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation" and must identify "who made the purported misrepresentations and what specific

misrepresentations were made." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Count Five for equitable and promissory estoppel fail because Genesis failed to allege facts showing that McLaren made a specific and definite promise or representation to Genesis regarding payment for Covid-19 testing. *Segal v. Lynch*, 48 A.3d 328, 342 (N.J. 2012). Further, Genesis has not pled the "knowing and intentional" misrepresentation made by McLaren, which is required to survive dismissal. *See Cotter v. Newark Hous. Auth.*, 422 F. App'x 95, 99 (3d Cir. 2011). Count Six for quantum meruit and unjust enrichment fail to allege the retention of a benefit that would be unjust. *See Starkey v. Est. of Nicolaysen*, 796 A.2d 238, 242 (N.J. 2002). An insurance company "derives no benefit" from services provided to its insureds. *See Plastic Surgery Ctr., LLC v. Oxford Health Ins., Inc.*, 2019 WL 4750010, at *5 (D.N.J. Sept. 30, 2019). Only the insured derives any benefit in this situation, and "what the insurer gets is a ripened obligation to pay money to the insured - which hardly can be called a benefit." *Id*. Count Seven alleging violation of the FFCRA and CARES Act has no merit.  As recently stated in *Murphy Medical Associates, LLC v. 1199SEIU National Benefit Fund*, No. 3:22-cv-00064 (KAD), 2023 U.S. Dist. LEXIS 50185, at *7-8 (D. Conn. Mar. 23, 2023):

> As examined by numerous courts, the language of Section 6001 of FFCRA and Section 3202 of the CARES Act, considering the *Cort* factors, reveals no intent on the part of Congress to afford health care providers a privately enforceable remedy for the failure to pay claims for COVID-19 testing and related services. *See, e.g., Murphy Medical Associates, LLC v. Cigna Health and Life Ins. Co.*, No. 3:20-cv-1675 (JBA), 2022 WL 743088, at *2–*6 (D. Conn. Mar. 11, 2022) ("[N]either § 6001 of the FFCRA nor § 3202 of the CARES Act contains a private right of action."); *Murphy Medical Associates, LLC, et al. v. Centene Corp., et al.*, No. 3:22-cv-504 (VLB), 2023 WL 2384143, at *6–*7 (D. Conn. Mar. 6, 2023) (same); *Saloojas, Inc. v. Aetna Health of Cal., Inc.*, No. 22-cv-1696 (JSC) et al., at *2–*4 (N.D. Cal. June 23, 2022) (same); *Horvath v. JP Morgan Chase & Co.*, No. 3:21-cv-1665 (BTM), 2022 WL 80474, at *5 (S.D. Cal. Jan 7, 2022) (same); *Betancourt v. Total Prop. Mgmt.*, No. 1:22-cv-33 (JTL), 2022 WL 2359286, at *3 (E.D. Cal. June 30, 2022) (same); *GS Labs, Inc. v. Medica Ins. Co.*, No. 21-cv-2400 (SRN), 2022 WL 4357542, at *10 (D. Minn. Sept. 20, 2022) (same); *Saloojas, Inc. v. Blue Shield of Cal. Life and Health Ins. Co.*, No. 22-cv-3267 (MMC), 2022 WL 4843071, *1 (N.D. Cal. Oct. 3, 2022) (same); *America Video Duplicating, Inc. v. City Nat'l Bank*, No. 2:20-cv-4036 (JFW), 2020 WL 6882735, at *4–5 (C.D. Cal. Nov. 20, 2020) (same).

Count Eight claiming violation of the New Jersey Consumer Fraud Act (NJCFA) fails for several reasons. Denial of health insurance benefits does not constitute a violation of the NJCFA. *See, e.g., Myska v. N.J. Mfrs. Ins. Co.*, 114 A.3d 761, 777 (N.J. Super. Ct. App. Div. 2015). Further, Genesis was not a "consumer" of any product or service offered by McLaren, as is required under the NJCFA. *See Med. Soc'y of New Jersey v. AmeriHealth HMO, Inc.*, 868 A.2d 1162, 1168 (N.J. Super. Ct. App. Div. 2005). Genesis does not allege that it requested or received any service from McLaren. Genesis instead only alleges that members requested and received Genesis's services and that McLaren should have paid for those services on their behalf. This assertion does not give rise to a cause of action. *AmeriHealth HMO, Inc.*, 868 A.2d at 1168.

Hon. Georgette Castner
September 6, 2023
Page 4

    For at least these reasons, Genesis's complaint against McLaren is subject to dismissal.

                                                 Respectfully,
                                                 */s/ Christopher A. Reese*
                                                 Christopher A. Reese

6282900v.1