# GENESIS
### DIAGNOSTICS®

**957 Route 33 | Suite 12 | #322**
**Hamilton Square | New Jersey | 19047**
**Tel: 267.212.2000 | Fax: 215.302.0273**

_____

Friday, September 8, 2023

<u>**VIA ECF**</u>

Honorable Zahid N. Quraishi, U.S.D.J.

United States District Court for the District of New Jersey

Clarkson S. Fisher Building & U.S. Courthouse

402 East State Street – Court Room 4W

Trenton, New Jersey 08608

Re:    **Abira Medical Laboratories, LLC d/b/a McLaren Health Plan, et al.**
        **Civil Action No. 3:23-cv-03802-GC-RLS**

Dear Judge Quraishi:

I am corporate counsel for Plaintiff, Abira Medical Laboratories, LLC ("Abira") d/b/a Genesis Diagnostics, in the above-referenced matter. The Amended Complaint (ECF No. 13) renders moot or unripe, the issues raised in Defendants' Letter Requesting for a Premotion Conference (ECF No. 9).

## I.    This Court has Jurisdiction over this Action.

Whereas Abira is a corporate citizen of New Jersey, the specific facts of this matter and applicable law, are such that this Court has general and personal jurisdiction over the Defendants.

### A) General Jurisdiction.

A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them at home in the forum State." _Goodyear Dunlop Tires Operations, S.A. v. Brown_, 564 U.S. 915, 919 (2011). The paradigm forums, in which a corporation is reasonably regarded as at home, are the place of incorporation and the principal place of business. _Daimler AG v. Bauman_, 571 U.S. 137, 125 (2014). The exercise of general jurisdiction is not limited to these forums; in an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.' _BNSF Ry. Co. v. Tyrrell_, 137 S. Ct. 1549, 1558 (2017) (quoting _Daimler_, 571 U.S. at 139 n.19).

This case fits within the exception set forth in _BNSF Ry. Co. v. Tyrrell_.

At all times relevant, Abira (d/b/a Genesis) being a corporate citizen of the State of New Jersey, was providing nationwide testing of specimen. The testing is ordered by physician-members of insurance companies, or upon the order of a non-member physician, a patient-member of an insurance company sends specimen to Abira for testing. APA repeatedly did business with Abira (a New Jersey corporate citizen) for specimen testing, to the tune of $115,797.33 (Amended Complaint, ¶ 9, ECF No. 13),

Page 1 of 3



**957 Route 33 | Suite 12 | #322**
**Hamilton Square | New Jersey | 19047**
**Tel: 267.212.2000 | Fax: 215.302.0273**

which is by no means insignificant, but is so substantial for this Court to exercise jurisdiction over Defendant, pursuant to *BNSF Ry. Co. v. Tyrrell*.

## B)  Specific Jurisdiction.

The analysis of whether a forum state has sufficient minimum contacts to exercise specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation. <u>*Keeton v. Hustler Magazine, Inc.*</u>, 465 U.S. 770, 775 (1984) (quoting *Shaffer*, 433 U.S. at 204). For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." <u>*Walden v. Fiore*</u>, 571 U.S. 277, 284 (2014). [A]lthough physical presence in the forum is not a prerequisite to jurisdiction, physical entry into the State—either by the defendant in person or through an agent, goods, mail, or some other means—is certainly a relevant contact." <u>*Id.*</u> (citation omitted). At all times relevant, the following factors taken together create substantial contacts for jurisdiction in this Court:

- Abira is a corporate citizen of the State of New Jersey, (Amended Complaint, ¶ 11, ECF No. 13).
- The only member listed on Abira's Articles of Incorporation, who is also Abira's vice president, along with several of Abira's administrators and decision-makers live in New Jersey, work in New Jersey, and run Abira's affairs from New Jersey. (*Id.* at ¶ 26).
- Defendants were in communication with the claims Abira submitted to it, and actually directed Abira to file an appeal of several of the claims it denied; whereas the appeal is decided by one of Defendants' employees/personnel. (*Id.* at ¶ 28).
- Finally, Abira, a New Jersey corporation, acted as an agent of the Defendants, by receiving specimen and providing testing services to Defendants' members, to the tune of Defendants owing $115,797.33 to Abira.

These factors, taken together, certainly create substantial contacts with New Jersey, to support this Court's jurisdiction over this matter and over Defendants.

## II.   Defendants' Arguments are Either Mooted by the Amended Complaint, or Unripe.

### A)  Equitable Causes of Action.

Abira's Amended Complaint renders Defendants' arguments moot, as it alleges that pursuant to 29 C.F.R. § 2560.503–1(b)(4), the underlying insureds/claimants appointed Abira as an "authorized representative" to pursue their claims promised by Defendants in the insurance contracts. Alternatively, Abira entered into privity of contract via an assignment from the insureds/claimants, of the insurance contracts between the Defendants and the insureds/claimants. Abira's appointment as an "authorized representative" pursuant to 29 C.F.R. § 2560.503–1(b)(4), or alternatively as an assignee, is evidenced by the insureds/claimants providing their insurance information to Abira, for the purpose of processing their insurance claims, for payment of the lab tests promised in the



**957 Route 33 | Suite 12 | #322**
**Hamilton Square | New Jersey | 19047**
**Tel: 267.212.2000 | Fax: 215.302.0273**

---

Benefits clause of their insurance contracts. Consequently, all of the equitable causes of actions would survive any substantive challenges via Defendant's Motion to Dismiss.

### B) FFRCA and Cares Act.

Where a defendant sought dismissal of the FFRCA and CARES Act claims, this Court has ruled that plan participants – and health providers – could sue under ERISA after a health insurer denied coverage for their COVID-19 testing. *Diagnostic Affiliates* in *Open MRI & Imaging of RP Vestibular Diagnostics, P.A. v. Cigna Health and Life Insurance Company*, 2022 WL 1567797, at *6 (D.N.J May  18,  2022).  This Court held that plan participants – and health providers – could  sue under ERISA after a health insurer denied coverage for their COVID-19 testing; thus this Court rejected Cigna's argument that that Congress, displaced any private right of action to enforce the coverage mandate, by granting enforcement authority to government agencies. The Court's view was that in interpreting ERISA, FFRCA and the CARES Act together, Congress did not displace the existing private right of action under ERISA by granting "additional" enforcement authority to the agencies in the FFRCA and CARES Acts. In other words, as the Court expressly stated, "… the bottom line [is that] Congress mandated that health insurance plans cover COVID-19 testing [through the FFCRA and CARES Acts], raising it to the status of a benefit of those plans. Congress also allows insureds to sue for benefits due to them." *Id.*

### Conclusion

The issue of substantial contact for jurisdiction is ultimately a question of weighing of the factors toward substantial contacts. Whereas hitherto, the information presented in Abira's cases fell short of finding jurisdiction, the factors listed above, as alleged in the Amended Complaint, certainly foster substantial contacts with Abira and its decision-makers in New Jersey, so that this court has jurisdiction over this matter and the parties. The Defendant's arguments regarding the causes of action have been rendered either moot by the Amended Complaint, or they are unripe until after Discovery has been conducted. Whereas bad actors within the insurance industry have refused to negotiate and pay reasonable fees lab testing Abira provided, the hope is that their evil intention to rely on perceived loopholes in the legal procedure and substantive law, will meet disappointment before this Court.

Respectfully submitted,

Dated: September 20, 2023,           s/    Aderemilekun Omojola, Esq.
957 Route 33 | Suite 12 | #322
Hamilton Square | New Jersey | 08690
Tel: 212.220.1616 | Fax: 609.798.0327
aomojola@genesisdx.com
Attorney for Abira,
Abira Medical Laboratories, LLC, d/b/a Genesis Diagnostics, LLC